UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PABLO MORAN, on behalf of himself, individually, and on behalf of all others similarly-situated,

                    Plaintiff,

-against-

BAMONTE'S RESTAURANT CORP., d/b/a BAMONTE'S RESTAURANT, ANTONIO BAMONTE, Individually and in his Official Capacity as Owner of Defendant Bamonte's Restaurant Corp.

                    Defendants.

COMPLAINT

Docket No.: 17-cv-4779

Jury Trial Demanded

PABLO MORAN (hereinafter "Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively hereinafter as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through his attorneys, NESENOFF & MILTENBERG, LLP., as and for his Complaint against BAMONTE'S RESTAURANT CORP. d/b/a BAMONTE'S RESTAURANT (hereinafter "Defendant Restaurant") and ANTONIO BAMONTE (hereinafter "Individual Defendant Bamonte" and collectively with Defendant Restaurant hereinafter the "Defendants") alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1.    This is a civil action for damages and equitable relief based upon Defendants' violations of Plaintiff's rights guaranteed by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with wage statements on

each payday containing specific categories of accurate information, N.Y. Lab. Law § 195(3); (iv) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, N.Y. Lab. Law § 195(1); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. On or about June 14, 2009, Plaintiff was hired by Defendants as a dishwasher. Despite only being hired as a dishwasher, Defendants forced Plaintiff to perform the duties and responsibilities of a prep cook. Plaintiff continues to work for Defendants in this dual capacity.

3. As described below, throughout his employment, Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL. Specifically, the Defendants required Plaintiff to work well beyond forty hours each workweek, but failed to compensate him at the statutorily-required overtime rate of one and one-half times his straight-time rate of pay for all hours that he worked per week in excess of forty.

4. Additionally, the Defendants did not provide Plaintiff with accurate wage statements on each payday or a wage notice at hire in either English or Spanish, Plaintiff's native language, as the NYLL requires.

5. Defendants paid and treated all of their dishwashers and prep cooks in the same manner.

6. Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA.

7. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons

similarly-situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

9. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(1) - the Defendants are located in Kings County, New York which is in the Eastern District of New York and the events which give rise to Plaintiff's claims occurred in Kings County, New York which is in the Eastern District of New York.

## PARTIES

### Plaintiff

10. At all relevant times herein, Plaintiff worked for Defendants in the State of New York, County of Kings and was an "employee" entitled to protection as defined by the FLSA, NYLL, and NYCCRR.

### Defendants

11. At all times relevant to this complaint, Defendants own(ed), operate(d) and/or control(led) a bar and restaurant located at 32 Withers Street, Brooklyn, New York 11211 under the name of Bamonte's Restaurant.

12. Upon information and belief, at all relevant times herein, Defendant Restaurant was and is an entity engaged in the restaurant and food hospitality business with a principal place of business located at 32 Withers Street, Brooklyn, New York 11211.

13. At all relevant times herein, the Defendant Restaurant was and is an "employer" within the meaning of the FLSA and NYLL.

14. Individual Defendant Bamonte is an individual engaging (or who has engaged) in business within this judicial district and is the owner of the Defendant Restaurant. Individual Defendant Bamonte's last known business address was 32 Withers Street, Brooklyn, New York 11211.

15. Individual Defendant Bamonte is sued individually in his capacity as an owner, officer, and/or agent of the Defendant Restaurant.

16. Individual Defendant Bamonte possesses and/or possessed operational control over the Defendant Restaurant, an ownership interest in the Defendant Restaurant, and/or controlled significant functions of the Defendant Restaurant.

17. Individual Defendant Bamonte determined the wages and compensation of employees, including Plaintiff, established the schedule of employees, was responsible for and, upon information and belief did, maintain employee records, and had the authority to hire and fire employees.

18. Upon information and belief, Defendants' qualifying annual business exceeded and/or exceeds $500,000, and the business is engaged in interstate commerce within the meaning of the FLSA. For example, numerous items that were sold and/or used in the Defendant Restaurant on a daily basis were produced outside of the State of New York.

## COLLECTIVE ACTION ALLEGATIONS

13.     Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants as dishwashers and/or prep cooks, who give consent to file a claim to recover damages for overtime compensation that is legally due to them for the time worked in excess of forty hours per week ("FLSA Plaintiffs").

14.     Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

15.     At all relevant times, Defendants were and have been aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet it purposefully and willfully chose and choose not to do so.

16.     Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay its employees overtime compensation for all hours worked per workweek above forty in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

17. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on his own behalf, as well as on behalf of those who are similarly situated who, during the applicable limitations period, Defendants subjected to violations of the NYLL and the NYCCRR.

18. Under FRCP 23(b)(3), Plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

19. Plaintiff seeks certification of the following FRCP 23 class:

   Current and former employees who performed any work for Defendants as dishwashers and/or prep cooks during the statutory period, within the State of New York, who: (1) did not receive compensation from Defendants at the legally required overtime rate of pay for each hour worked over forty hours; (2) were not provided with accurate wage statements on each payday pursuant to NYLL §195(3); and/or (3) were not provided with a wage notice at hire containing specific categories of accurate information as required by NYLL §195(1) ("Rule 23 Plaintiffs").

### Numerosity

20. During the previous six years, Defendants have, in total, employed at least forty employees that are putative members of this class.

### Common Questions of Law and/or Fact

21. There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether Rule 23 Plaintiffs worked and work in excess of forty hours per week; (4) whether Defendants failed and fail to pay Rule 23 Plaintiffs proper overtime compensation for all hours worked in excess of forty hours in a week; (5) whether Defendants furnished and furnish Rule 23 Plaintiffs with accurate wage statements on each payday containing the information that NYLL § 195(3) requires; (6) whether Defendants furnished and furnish Rule 23 Plaintiffs with an accurate wage notice at hire containing specific categories of accurate information as required by NYLL § 195(1); (7) whether Defendants kept and maintained accurate records of hours that the Rule 23 Plaintiffs worked; (8) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs for each hour worked; (9) whether Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (10) whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; and (11) if so, what constitutes the proper measure of damages.

### Typicality of Claims and/or Defenses

22. As described in the "Background Facts" section below, Defendants employed and/or employ Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants as dishwashers and/or prep cooks during the

statutory period within the State of New York, and Defendants failed to pay them overtime pay for all hours worked in a week over forty, provide them with proper wage statements on each payday or a wage notice at hire. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to receive overtime wages for all hours worked over forty hours and to be furnished with accurate wage statements on each payday and a wage notice at hire. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations, namely lack of compensation or under-compensation due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and/or Defendants' defenses to those claims.

### Adequacy

23. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants did not pay Plaintiff overtime for all hours worked over forty hours in a week and did not furnish Plaintiff with accurate wage statements on each payday or an accurate wage notice in either English or Spanish, Plaintiff's native language, at hire, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs. Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants has subjected to the treatment alleged herein.

<u>Superiority</u>

24. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

25. Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

26. Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

27. Additionally, Plaintiff's counsel has substantial experience in this field of law.

## BACKGROUND FACTS

28. Plaintiff began working for Defendants as a dishwasher on or about June 14, 2009. Plaintiff continues to work for Defendants.

29. Despite having a position as a dishwasher, Defendants forced, and continue to force, Plaintiff to perform additional tasks outside his job description. Specifically, Defendants forced, and continue to force, Plaintiff to prep food and meals at the Defendant Restaurant, tasks which should be performed by Defendants' chefs and prep cooks.

30. Throughout his employment, Defendants required Plaintiff to work, and Plaintiff did work, six days per week, from at least 9:00 a.m. until at least 6:00 p.m. on weekdays except Tuesday, and at least 9:00 a.m. until at least 2:00 a.m. on Fridays, Saturdays, and Sundays.

31.     By approximation, throughout his employment, Defendants required Plaintiff to work, and Plaintiff did work, a minimum of seventy-eight (78) hours per week, and oftentimes more.

32.     By way of example only, during the week of July 10, 2017 through and including July 16, 2017, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule:

Monday, July 10, 2017: 9:00 a.m. until 6:00 p.m.

Tuesday, July 11, 2017: Off

Wednesday, July 12, 2017: 9:00 a.m. to 10:00 p.m.

Thursday, July 13, 2017: 9:00 a.m. to 6:00 p.m.

Friday, July 14, 2017: 9:00 a.m. to 2:00 a.m.

Saturday, July 15, 2017: 9:00 a.m. to 2:00 a.m.; and

Sunday, July 16, 2017: 9:00 a.m. to 2:00 a.m.

33.     Plaintiff was not required to keep track of his hours each day and/or week and was orally notified of his schedule each week. Upon information and belief, Defendants do not employ any methods for recording employees' hours and retain no records with respect to hours and/or compensation of their employees.

34.     When Plaintiff commenced employment with Defendants, he was paid a flat weekly salary of $500.00. In or around August 2009, Plaintiff's wages increased to a flat weekly salary of $750.00. In or around 2011, Plaintiff's wages again increased to a flat weekly salary of $775.00. In or around 2015, Plaintiff's wages again increased to a flat weekly salary of $825.00. Finally, in or around January 2017, Plaintiff's wages again increased to a flat weekly salary of $875.00.

35. Plaintiff was always paid in cash and on a weekly basis. Individual Defendant Bamonte, or one of his daughters who work at the Defendant Restaurant as managers, would hand Plaintiff an envelope with his wages paid in cash each week.

36. For each week that Plaintiff worked, Defendants paid Plaintiff a flat salary, as outlined above, which was meant to cover only the first forty hours the Plaintiff worked each week, and which (currently) computes to an hourly rate of $21.88 per hour.

37. Plaintiff's wages never fluctuated based upon the number of hours he worked in any given workweek.

38. With respect to his hours worked per week over forty, the Defendants intentionally failed to pay Plaintiff at the required premium rate, i.e. at time and one-half his straight-time rate, or $32.82 (currently) for each hour worked over forty.

39. For instance, and by way of example only, during the week of July 10, 2017, Plaintiff worked the hours as described above. Thus, during the week of July 10, 2017, Plaintiff worked forty (40) hours of straight time and forty-two (42) hours of overtime. As compensation, Defendants paid Plaintiff $875.00 in cash for this time, when they should have paid Plaintiff $2,253.44 for those hours.

40. On each occasion when they paid Plaintiff, Defendant intentionally failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his actual hours worked for that week, his straight and overtime rates of pay for all hours worked, or his total pay for the week.

41. Additionally, Defendants did not provide Plaintiff with a wage notice at the time of his hire, or at any time thereafter, in either English or Spanish (Plaintiff's native language), containing any of the following information: his rate of pay and basis thereof; whether he was paid

by the hour, shift, day, week, salary, piece, commission, or other; whether any allowances were claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by Defendants; the name and physical addresses of Defendants; any "doing business as" names used by Defendants; and Defendants' mailing addresses and telephone numbers.

42. Further, Defendants regularly required Plaintiff to work, and Plaintiff did in fact work, ten (10) or more hours in a single workday. Defendants failed to pay Plaintiff his spread of hours pay for any day Plaintiff worked ten (10) or more hours in a single workday.

43. Defendants treated Plaintiff and all FLSA Plaintiffs in the manner described above so as to maximize their profits while minimizing their labor costs.

44. Every hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

## CLAIMS FOR RELIEF
## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*(Unpaid Overtime under the FLSA)*

45. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

46. 29 U.S.C. § 206(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

47. As described above, Defendants are each an employer within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

48. Plaintiff and FLSA Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

49. Defendants willfully violated the FLSA.

50. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective regular rates of pay.

51. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violation of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*(Unpaid Overtime under the NYLL and the NYCCRR)*

52. Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53. NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

54. As described above, Defendants are each an employer within the meaning of the NYLL and the NYCCRR, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

55. As also described above, Plaintiff and Rule 23 Plaintiffs worked in excess of forty (40) hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

56. Plaintiff and Rule 23 Plaintiffs are entitled to their overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective regular rates of pay.

57. Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*(Failure to Furnish Proper Wage Statements in Violation of the NYLL)*

58. Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

60. As described above, the Defendants, on each payday, failed to furnish Plaintiff and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

61. Prior to February 27, 2015, pursuant to N.Y. Lab. Law § 198(1-d), the Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

62. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*(Failure to Furnish Proper Wage Notices in Violation of the NYLL)*

63. Plaintiff and Rule 23 Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

65. Defendants are each an employer within the meaning of the NYLL and the NYCCRR, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

66. As described above, the Defendants failed to furnish Plaintiff and Rule 23 Plaintiffs with accurate wage notices at hire, or at any time thereafter, containing all of the criteria required under the NYLL.

67. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $50 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.

68. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*(Failure to Pay Spread of Hours Premium In Violation Of The NYLL)*

69. Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

70. Defendants employed Plaintiff within the meaning of the NYLL §§ 2 and 651.

71. Pursuant to New York State Department of Labor Regulation § 142-2.4, employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours.

72. Defendants knowingly and willfully violated Plaintiffs and the Rule 23 Plaintiffs' rights by failing to pay a "spread of hours" premium to Plaintiff for each day in which her shift exceeded ten (10) hours pursuant to New York State Department of Labor Regulation § 142-2.4.

73. Due to the Defendants' NYLL violations, Plaintiff and the Rule 23 Plaintiffs are entitled to recover from Defendants their unpaid "spread of hours" premiums, reasonable attorney's fees, interest, and costs and disbursements of this action pursuant to N.Y. Lab. Law §§ 663(1) *et. seq.* and § 198.

## DEMAND FOR A JURY TRIAL

74. Pursuant to FRCP 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs and Rule 23 Plaintiffs demand judgment against Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert

with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

d. Designation of this action as a FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL and NYCCRR as a class action pursuant to FRCP 23;

f. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for the Defendants' unlawful payment practices;

g. Punitive damages, as provided by law, in connection with Plaintiff's retaliation claims;

h. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

i. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and an award of a service payment to Plaintiff;

  j. Designation of Plaintiff and his counsel as class/collective action representatives under the FRCP and the FLSA;

  k. Pre-judgment and post-judgment interest, as provided by law; and

  l. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

**Dated:** New York, New York
    August 1, 2017

              **NESENOFF & MILTENBERG, LLP.**
              *Attorneys for Plaintiff*

          By: */s/ Megan Goddard*

              **Megan S. Goddard, Esq.**
              **Gabrielle M. Vinci. Esq.**
              **363 Seventh Avenue, Fifth Floor**
              **New York, New York 10001**
              **212.736.4500**