UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PABLO MORAN, on behalf of himself,            Docket No.:
individually, and on behalf of all others
similarly-situated.            17-CV-04779 (RJD) (RER)

           Plaintiff,

           -against-

BAMONTE'S RESTAURANT CORP., d/b/a
BAMONTE'S RESTAURANT, ANTHONY
BAMONTE, Individually and in his Official
Capacity as Owner of Defendant Bamonte's
Restaurant Corp.,

           Defendant.
------------------------------------------------------------X

## SETTLEMENT AND RELEASE AGREEMENT

**WHEREAS**, Pablo Moran ("Plaintiff") has alleged that he has been the subject of unlawful employment practices by Bamonte's Restaurant Corp. d/b/a Bamonte's Restaurant ("Bamonte's"), and Anthony Bamonte s/h/a Antonio Bamonte ("Anthony") (Bamonte's and Anthony are collectively referred to herein as "Defendants");

**WHEREAS**, Plaintiff commenced an action against Defendants on or about August 16, 2017, in the United States District Court for the Eastern District of New York (the "Court"), bearing Docket No. 17-CV-04779 (RJD) (RER) (the "Action");

**WHEREAS**, Defendants have denied Plaintiff's allegations, and have contended that Plaintiff's allegations are unfounded and lack merit;

**WHEREAS**, Plaintiff and Defendants (collectively referred to herein as "Parties") desire to fully and finally resolve and settle in full certain claims that Plaintiff has, had, or may have against Defendants, including, but not limited to, certain claims and issues that were or could

1

have been raised by Plaintiff, by way of this Settlement and Release Agreement (the "Agreement");

**WHEREAS**, Plaintiff's counsel of record in the Action and Defendants' counsel of record in the Action have negotiated extensively in good faith, including at a mediation before Raymond Nardo, Esq., on February 2, 2018, to reach a settlement acceptable to the Parties that constitutes a reasonable compromise of the *bona fide* dispute between the Parties;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. In consideration of the payment to Plaintiff by Defendants of the amount of One Hundred Fifty Thousand Dollars and Zero Cents ($150,000.00) (the "Settlement Amount"), to which Plaintiff is not otherwise entitled, Plaintiff hereby releases and forever discharges Defendants as well as Defendants' current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, heirs, executors, administrators, agents, successors, assigns, and agents, as well as anyone employed by or affiliated with Defendants, deemed by Plaintiff to be "employer(s)," both individually and in their official capacities, as well as Defendants' respective parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies, including, but not limited to, service and program partners, vendors, and business partners, (all of said individuals and entities referenced above are hereinafter collectively referred to herein jointly and severally as "Releasees"), from any and all claims, complaints, causes of action, lawsuits, demands, back-wages, attorneys' fees, benefits, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character,

which concern violations or allegations of unpaid compensation (including minimum wage, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, liquidated damages, attorneys' fees and costs, wage-related statutory penalties, and/or penalties associated with the provision of wage notices and/or paystubs) purportedly owed to Plaintiff under the Fair Labor Standards Act (the "FLSA"), the New York Labor Law (the "NYLL"), or any other law, regulation, or ordinance regulating the payment of wages, which Plaintiff, his respective heirs, executors, administrators, agents, successors, and assigns, has, had, or hereafter can have against Releasees, from the beginning of time to the date of this Release, including, but not limited to, any and all claims raised in the Action.

2. Provided that: (1) Defendants receive: (i) this Agreement, fully executed and signed by Plaintiff before a notary public; (ii) an IRS W-9 form executed by Plaintiff's counsel; (iii) IRS W-9 and W-4 forms executed by Plaintiff; and (iv) the Stipulation of Dismissal, in the form attached as "Exhibit A," executed by Plaintiff's counsel; and (2) the Court approves this settlement and endorses the Stipulation of Dismissal, the Settlement Amount shall be paid as follows:

    (a) Within thirty (30) days of the date that all the aforementioned conditions are satisfied, Defendants shall make a payment of Seventy Five Thousand Dollars and Thirteen Cents ($75,000.13) (the "Initial Payment"), which shall be allocated as follows:

        i. One check payable to "Pablo Moran" in the total amount of Forty Nine Thousand Ten Dollars and Five Cents ($49,010.05), representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages; and

  ii. One check from, or on behalf of, Defendants, payable to "Nesenoff & Miltenberg, LLP" in the total amount of Twenty Five Thousand Nine Hundred Ninety Dollars and Eight Cents ($25,990.08), representing payment for Plaintiff's claims for attorneys' fees and costs.

 (b) Thirty (30) days following the date that the Initial Payment is due pursuant sub-part (a) of this Paragraph, and continuing on a monthly basis (every thirty (30) days following the due-date of the Initial Payment) for an additional ten (10) consecutive months (for a total of eleven (11) installment payments) (the "Installment Payments"), the remaining balance of the Settlement Amount shall be paid via Installment Payments. Each Installment Payment shall be paid as follows:

  i. Checks payable to "Pablo Moran" totaling the gross amount of Four Thousand Five Hundred Forty Five Dollars and Forty Five Cents ($4,545.45), less all applicable tax withholdings and deductions, representing payment for Plaintiff's claims for alleged economic damages (including, but not limited to, unpaid wages);

  ii. One check payable to "Nesenoff & Miltenberg, LLP" in the total amount of Two Thousand Two Hundred Seventy Two Dollars and Seventy Two Cents ($2,272.72), representing payment for Plaintiff's claims for attorney's fees and costs.

3. Provided that all of the conditions set forth in Paragraph 2 are satisfied, and provided that the Court approves this settlement and endorses the Stipulation of Dismissal, the settlement checks described above shall be delivered to or mailed to the attention of Gabrielle M.

Vinci, Esq., Nesenoff & Miltenberg, LLP, 363 Seventh Avenue, Fifth Floor, New York, New York 10001.

    4.    Defendants may issue an IRS form W2 and 1099 to Plaintiff and an IRS form 1099 to his counsel reflecting the amounts each one received in Paragraph 2, at the appropriate time. Plaintiff agrees to hold Defendants harmless, and indemnify Defendants fully, from any payments Defendants may be required to make to any taxing authority resulting from Plaintiff's failure to pay taxes related to said portions of the Settlement Amount.

    5.    Concurrently with the execution of this Agreement, Bamonte's Restaurant Corp., d/b/a Bamonte's Restaurant and Anthony Bamonte shall execute an Affidavit of Confession of Judgment in the form attached hereto as Exhibit B. Defendants shall provide Plaintiff's counsel with said executed Affidavit of Confession of Judgment bearing original signatures. The Affidavit of Confession of Judgment will be held in escrow by Plaintiff's counsel. In the event Defendants are in default of any of the payments required under Paragraph 2 of this Agreement, Plaintiff's counsel shall provide fourteen (14) calendar days' written notice to Defendants' counsel of Plaintiff's intent to file the Affidavit of Confession of Judgment with the clerk of court of any court of competent jurisdiction for judgment to be entered against Bamonte's Restaurant Corp., d/b/a Bamonte's Restaurant and Anthony Bamonte jointly and severally, declaring the unpaid portion of the Settlement Amount immediately due and payable. Defendants will have fourteen (14) calendar days to remedy their default before Plaintiff files the Affidavit of Confession of Judgment. If Defendants fail to remedy the default within the fourteen (14) day grace period, Plaintiff shall file the Confessions of Judgment with the clerk of court of any court of competent jurisdiction for judgment to be entered against Bamonte's Restaurant Corp., d/b/a Bamonte's Restaurant and Anthony Bamonte jointly and severally

without any further notice to Defendants. Upon complete satisfaction of all payments set forth in Paragraph 2, Plaintiff's counsel will return the Affidavit of Confession of Judgment to Defendants' counsel.

6. Plaintiff promises and represents that he will withdraw, with prejudice, any and all outstanding administrative complaints or charges, filed with any federal, state and local agencies/administrative bodies, and will also withdraw with prejudice this Action, as well as any and all other lawsuits, claims, demands, or actions pending against Defendants and Releasees, both individually and in their/its official capacities which concern violations or allegations of unpaid compensation (including minimum wage, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, liquidated damages, and/or statutory penalties) purportedly owed to Plaintiff under the FLSA, NYLL, or any other law, regulation, or ordinance regulating the payment of wages. In the event any such complaints, charges, lawsuits, claims, demands, or actions are not withdrawn or are filed due to circumstances beyond the control of Plaintiff, Plaintiff promises and represents that he will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceeding connected with or resulting from such complaints, charges, lawsuits, claims, demands or actions, and that Plaintiff will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice. Should Plaintiff file a charge with any agency, or cooperate with an investigation with any agency regarding any claim released in this Agreement, Plaintiff acknowledges that this Agreement shall bar him from receiving monetary compensation in connection therewith.

7. Plaintiff acknowledges that his employment with Defendants has ended. Furthermore, Plaintiff voluntarily and knowingly waives any and all rights to re-employment with Defendants, and acknowledges that he shall not seek re-employment with Defendants.

8. Plaintiff acknowledges that he has received sufficient consideration as set forth in this Agreement. Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including, but not limited to, those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

9. Plaintiff acknowledges that he has been paid in full for all time worked and is owed no other forms of compensation, including, but not limited to, any wages, tips, overtime, minimum wage, spread of hours pay, call-in pay, vacation or sick pay, accrued benefits, bonus or commission.

10. Plaintiff agrees to direct written inquiries by current and prospective employers to Defendants' accountant, Andrew Feldman, Esq. ("Mr. Feldman"), Feldman & Feldman, LLC 263 Mineola Boulevard, Mineola, New York, 11501. Provided that Mr. Feldman receives such inquiries, and provided that such inquiries are made in writing, Mr. Feldman will respond to such inquires by providing a neutral reference setting forth only Plaintiff's title, rate of pay, and dates of employment.

11. Except as set forth herein, this Agreement shall not be cited in any matter for any purpose against Releasees, their affiliates, subsidiaries, predecessors, successors, assigns, and any of their respective officers, directors, employees, administrators, benefit plans, welfare plans, deferred compensation plans or long-term incentive plans, or as proof of liability of any

sort. Under no circumstances shall this Agreement, or the resolution of the Action, be cited as evidence in any proceeding against Releasees for any purpose.

12. The Parties agree that, in an action arising from any alleged breach by any party of the Agreement, the prevailing party will be entitled to reasonable costs and expenses, including reasonable attorneys' fees, incurred in enforcing said provisions and/or defending any action(s). Furthermore, should any party threaten to breach this Agreement, such party understands that such breach or threatened breach can cause irreparable harm, thereby warranting injunctive relief. In that event, the non-threatening party will be entitled to an injunction. The threatening party shall be liable for all reasonable costs and fees associated with securing the appropriate injunctive relief.

13. Plaintiff explicitly acknowledges that this Agreement does not constitute an admission by Releasees of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or an admission by Releasees that Plaintiff's claims have merit. In fact, Plaintiff acknowledges that Releasees explicitly refute and deny any claims of wrongdoing.

14. This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel having drafted this Agreement.

15. Plaintiff acknowledges that he has not divested, hypothecated, or otherwise bargained away any interest he possesses in his purported claims. Plaintiff acknowledges and represents that he knows of no other person or entity that holds a remunerative interest in any plausible legal claims he could assert and Plaintiff acknowledges and represents that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by him.

16. Plaintiff is competent to enter into this Agreement. Plaintiff is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding that would impair his right to settle all claims, and to release all claims, both known and unknown, pursuant to this Agreement.

17. Plaintiff confirms that he has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendants to execute this Agreement.

18. The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement, including, but not limited to, the Stipulation of Dismissal annexed hereto as "Exhibit A."

19. The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

20. This Agreement may only be modified, altered or changed in writing, signed by the Parties.

21. This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law.

22. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. In addition, any ADOBE PDF scanned copies or facsimiled copies of the Agreement, executed in any number of

counterparts, shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.

23.  All other notices and documents set forth herein shall be delivered to counsel for Defendants, Ellen Storch, Esq. and Aaron N. Solomon, Esq., Kaufman Dolowich & Voluck, LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797; (516) 681-1100; facsimile (516) 681-1101, estorch@kdvlaw.com and asolomon@kdvlaw.com, and counsel for Plaintiff, Gabrielle Vinci, Esq., Nesenoff & Miltenberg, LLP, 363 Seventh Avenue, Fifth Floor, New York, New York 10001; (212) 736-4500; facsimile (212) 736-2260; GVinvi@nmllplaw.com.

24.  Plaintiff represents that he has been advised to consult legal counsel regarding this Agreement prior to his execution of the same. Plaintiff further represents that he has been provided the opportunity to review this Agreement. Plaintiff fully understands all of the provisions of this Agreement and is executing same freely and voluntarily.

**IN WITNESS WHEREOF**, Plaintiff and Defendants have duly executed this Settlement and Release Agreement freely and voluntarily.

**[INTENTIONALLY LEFT BLANK]**

**SIGNED AND AGREED TO:**

_____
*/s/ Pablo Moran*
PABLO MORAN

STATE OF NEW YORK  }
                   } S.S.
COUNTY OF New York }

On 3/9, 2018, before me personally came PABLO MORAN, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that she executed the same.

_____
NOTARY PUBLIC

**SIGNED AND AGREED TO:**

INGRID MERCEDES FERNANDEZ
NOTARY PUBLIC STATE OF NEW YORK
No. 01FE6287717
Qualified in Bronx County
My Commission Expires August 19, 2021

_____
BAMONTE'S RESTAURANT CORP.
By:
Title

_____
ANTHONY BAMONTE

**SIGNED AND AGREED TO:**

_____
PABLO MORAN

STATE OF NEW YORK      }
                       }S.S.
COUNTY OF _____}

On _____, 2018, before me personally came PABLO MORAN, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that she executed the same.

_____
NOTARY PUBLIC

**SIGNED AND AGREED TO:**

_____
BAMONTE'S RESTAURANT CORP.
By:
Title

_____
ANTHONY BAMONTE

11